UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, et al., | ) | CASE NO. 5:09CV2938 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| LINDA FANKHAUSER, et al., | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Before the Court is defendants' motion to dismiss, as supplemented (Doc. Nos. 12, 14), plaintiffs' response (Doc. No. 15), defendants' reply (Doc. No. 16), and plaintiffs' sur-reply (Doc. No. 18), filed with leave of Court. For the reasons discussed below, the motion is **GRANTED**.

## I. BACKGROUND

On December 18, 2009, plaintiffs Jane Doe, a minor, and Melissa White filed this lawsuit under 42 U.S.C. § 1983 against Linda Fankhauser, the Clerk of Court of Portage County, John and/or Mary Does,[1] and Portage County, by and through the County Commissioners. Fankhauser was sued in both her individual and official capacities. Plaintiffs allege that defendant "publish[ed] and disclos[ed] [...] intimate, sexual, personal and private information on a public web site, which offered the general public unrestricted access to said information" (Compl. ¶ 1), in violation of their rights to privacy and due process (Compl. ¶ 29).[2]

---

[1] None of the Doe defendants have ever been identified and/or served. Since time has long since passed for doing so, these defendants are dismissed.

[2] In paragraph 36 of the complaint, plaintiffs also allege a violation of equal protection. However, there are absolutely no other allegations in the complaint to support that assertion. Therefore, the Court concludes that this was merely a pleading or clerical error.

The minor plaintiff in this case was physically and sexually abused by one Terry White, who was indicted and eventually entered a guilty plea. All records and pleadings in the criminal case were to identify the victim only as "Jane Doe" or "minor child." (Compl. ¶ 13.) The complaint alleges that, although "Defendants assured Plaintiff that the minor victim's identity would be kept confidential and not disclosed and that Defendants' policies and state law mandated such anonymity[,]" on two occasions, documents were published on the Clerk's public website which included the minor child's name. (Compl. ¶¶ 12, 17, 20.) As soon as plaintiff White discovered the first disclosure (several days after it was posted on the website), she contacted unnamed clerks in the Portage County Clerk's Office and was assured that the disclosure was "wrong and improper" and that the offending document would immediately be removed from the website, which apparently was not done. (Compl. ¶¶ 18, 19.) Notwithstanding that assurance, a second document in the criminal case was subsequently posted on the public website. (Compl. ¶ 20.) Again plaintiff White contacted the Clerk's Office and was assured that the disclosure was wrong and improper and that the documents would be removed. (Compl. ¶¶ 21, 22.) Plaintiffs allege that they suffered damages as a result of these disclosures.

Plaintiffs allege one count against Fankhauser and one count against Portage County under Section 1983. They also set forth state law claims of violation of the common law right of privacy, improper publication of private facts, violation of Ohio's Privacy Act, and intentional infliction of emotional distress.

## II. DISCUSSION

A.  **Federal Claim Against Fankhauser (Count I)**

Fankhauser asserts that she is entitled to judicial or quasi-judicial immunity from the Section 1983 claim against her. Citing *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988),

2

she argues that, because the filing of court documents, which she claims is a judicial function, falls within her responsibilities and jurisdiction as Clerk of Court under O.R.C. § 2303.09, 2303.12, she is entitled to absolute immunity. In reliance upon *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994), she also argues entitlement to quasi-judicial immunity because the task of filing a document is "so integral or intertwined with the judicial process that [she is] considered an arm of the judicial officer who is immune." (Motion at 2.) Finally, she argues that the claims against her in her official capacity are no different from those against the County and that she cannot be sued in her individual capacity because the complaint fails to allege that she acted outside her duties as Clerk of Court or that she personally performed the alleged acts of wrongful disclosure and publication of the offending documents.

While judges and court personnel who perform judicial and quasi-judicial functions are absolutely immune from suits for damages arising out of the performance of official judicial acts, *Bush,* 38 F.3d at 847-48, determination of exactly what constitutes a judicial act is determined by the character of the act, not by the character of the agent. *Forrester v. White*, 484 U.S. 219, 228 (1988); *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). "Administrative decisions, even though they may be essential to the very functioning of the courts, have not [. . .] been regarded as judicial acts." *Forrester*, 484 U.S. at 228.

The Court concludes that, under the facts of this case, the scanning of documents into the Clerk's public website was not a mere administrative or ministerial act unentitled to the protection of immunity. The complaint alleges that the "indictment maintained the anonymity of the minor victim of a sexual crime by identifying her only as Jane Doe pursuant to state law." (Compl. ¶ 11.) Ordinarily, an indictment would have to contain the name of the victim because that would be considered a vital element of the crime. An exception can be made where the

3

alleged perpetrator has actual knowledge of the identity of the victim and the victim needs to be protected, as in a case involving sexual assault of a minor. *See State v. Johnson*, Case No. 8046, 2002 WL 31839432, at * 11 (Ohio App. 8 Dec. 19, 2002). Someone acting in a judicial (or at least a prosecutorial) capacity was needed to make the decision to protect the victim's identity in the underlying criminal case, a decision requiring the exercise of discretion and a certain amount of judgment.

Similarly, when provided with *unredacted* documents of this nature to scan into a website available to the public, a clerk of court would also need to exercise some judgment. In particular, the clerk would have to affirmatively notice the nature of the document and determine that, if the minor's name is in the original, further inquiry would be required to determine if the document would need to be redacted. Certainly, this type of judgment is closely related to the judicial process itself and is deserving of immunity.[3]

There is no loss of immunity merely because a mistake was made and the original document, without redaction, was initially scanned into the internet record available to the public. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (immunity applies no matter how erroneous the act and no matter how injurious to the plaintiff). Where there is immunity, it applies even in the face of allegations of bad faith, malice, or reckless indifference. *See Madden v. City of Chattanooga*, No. 1:08-cv-160, 2010 WL 670108, at * 5 (E.D. Tenn. Feb. 19, 2010) (citing *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004)).

What's more, in this case, there is no allegation that Fankhauser herself was responsible in any way for either incident of wrongful disclosure. Therefore, she cannot be held

---

[3] Although the indictment in the underlying criminal case did not contain the actual identity of the minor victim, apparently other documents did. It was two of those other documents that were scanned still containing the victim's name. Obviously, someone should have noticed this and should have either redacted the documents before scanning or not scanned them into the electronic record. Either way, discretionary judgment was required.

individually liable for the actions of unnamed deputy clerks that she supervises where, as here, there is no allegation that Fankhauser herself failed in any way with respect to training or supervisory duties.[4] There is no *respondeat superior* liability under § 1983. *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir 1996) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)).

The Court concludes that defendant Fankhauser is entitled to dismissal of the § 1983 claim against her in her individual capacity on the ground of quasi-judicial immunity and because there are no allegations that she personally engaged in the wrongful disclosure alleged by the complaint.

**B.     Federal Claim Against Portage County (Count II)**

Defendants argue that Portage County, as a governmental entity, can be liable under § 1983 only if a policy, custom or practice led to a constitutional violation.[5] In fact, the complaint alleges that it is *not* the policy of the County to disclose the identity of minors who are the victims of sexual crimes. *See* Compl. ¶ 12 ("Defendants assured Plaintiff that the minor victim's identity would be kept confidential and not disclosed and that Defendants' policies and state law mandated such anonymity.").

Count II of the complaint, which alleges the § 1983 claim against the County, fails to set forth any more than mere recitation of the elements of a § 1983 claim: that the County is a person within the meaning of § 1983 (Compl. ¶ 41), that it was acting under color of state

---

[4] Plaintiffs attempt to argue in their response brief that there is supervisory liability on the part of Fankhauser, but they did not so allege in the complaint. They alleged supervisory liability and/or failure to train only as a policy failure on the part of the County. *See* Compl. ¶ 45.

[5] To the extent the complaint alleges a § 1983 claim against Fankhauser in her *official* capacity, that is the equivalent of the claim against the County. All the reasons that apply to dismiss the claim against the County apply with equal force with respect to the official capacity claims against Fankhauser.

law (Compl. ¶ 42), and that "its customs and official policies, practices and procedures" deprived plaintiffs of their right to privacy under the fourteenth amendment (Compl. ¶ 46). It does not, however, set forth any facts that would counter the earlier allegation that defendants' own policies required that the minor victim's identity remain confidential.

Plaintiffs have failed to establish a necessary element to maintain a § 1983 action against the County and the defendants, including Fankhauser in her official capacity, are entitled to dismissal.

C.   **State Law Claims (Counts III through VII)**

Because the Court has dismissed the only federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and dismisses the same without prejudice. 28 U.S.C. § 1367(c)(3).

### III. CONCLUSION

For the reasons set forth above, defendants' motion to dismiss (Doc. No. 12, as supplemented by Doc. No. 14) is **GRANTED**. Counts I and II of the complaint are dismissed with prejudice and Counts III through VII are dismissed without prejudice.

**IT IS SO ORDERED**.

Dated: November 12, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**